UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**LISA F. TYLER**, individually
and as personal representative of
the estate of Donald P. Tyler,

    **Plaintiff,**

v.                                          Case No. 5:22cv10-TKW-MJF

**FORD MOTOR COMPANY,**

    **Defendant.**
_____/

## ORDER GRANTING SUMMARY JUDGMENT

This case is before the Court based on Defendant's motion to dismiss or, in the alternative, motion for summary judgment (Doc. 19). Upon due consideration of the motion and its attachments and Plaintiff's response (Doc. 25), the Court finds that the motion is due to be granted.

This case arises out of a tragic accident in November 2019 in which Plaintiff was injured and her husband was killed when their 2001 Ford F-250 truck rolled over after being side-swiped by another vehicle on Interstate 65 in Chilton County, Alabama. In August 2020, Plaintiff filed suit against Defendant and the driver of the other vehicle in the United States District Court for the Middle District of Alabama.

In January 2022, the Alabama district court severed the claims against Defendant and transferred them to this Court after determining that it lacked personal jurisdiction over Defendant. After the case was transferred, Plaintiff filed an amended complaint asserting three claims against Defendant under Florida law: products liability-crashworthiness; negligence; and breach of warranty.

Defendant responded to the amended complaint with a motion to dismiss or, in the alternative, motion for summary judgment, arguing that the products liability and negligence claims are barred by the 12-year statute of repose in §95.031(2)(b), Fla. Stat., and that the breach of warranty claims are barred because Plaintiff is not in privity with Defendant. Defendant attached documents to its motion showing that the F-250 truck was delivered to its first purchaser on March 31, 2001, and that it was purchased by Plaintiff's husband from a used car dealership in December 2003.

When the defendant files a motion to dismiss and presents matters outside of the pleadings, "the motion must be treated as one for summary judgment under Rule 56," and the parties "must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). The Eleventh Circuit has adopted a "bright line" 10-day notice requirement that is strictly enforced when a district court converts a motion to dismiss into a motion for summary judgment. *See Griffith v. Wainwright,* 772 F.2d 822, 825 (11th Cir. 1985). This rule has been applied even when the motion alternatively seeks summary judgment. *See Milburn*

*v. United States,* 734 F.2d 762, 766 (11th Cir. 1984); *but see Martinez v. McCord*, 2008 WL 2003789, at *1 n.1 (M.D. Ala. May 8, 2008) (citing *Ventrassist Pty, Ltd. v. Heartware, Inc.*, 377 F. Supp. 2d 1278, 1286 n.7 (S.D. Fla. 2005), for the proposition that the 10-day notice is unnecessary when the motion sought summary judgment as an alternative to dismissal).

On April 11, 2022, the Court notified the parties that Defendant's motion "is converted to and taken under advisement as a motion for summary judgment" and that they had "until April 21, 2022, to file any additional evidence or briefing in support of or in opposition to the motion for summary judgment." Doc. 26 at 2. Neither party filed anything in response to this 10-day notice.

Plaintiff's counsel stated in the response to Defendant's motion that he "is not yet able to present a good faith argument under the relevant Florida law to oppose the Motion" and that there will be "no other response to the Motion." Accordingly, the Court finds that facts asserted in the motion are undisputed and that summary judgment can be granted if those facts and the supporting materials show that the movant is entitled to it. *See* Fed. R. Civ. P. 56(e)(2), (e)(3).

Florida law provides that "[u]nder no circumstances may a claimant commence an action for products liability, including a wrongful death action or any other claim arising from personal injury or property damage caused by a product, to recover for harm allegedly caused by a product … if the harm was caused by

exposure to or use of the product more than 12 years after delivery of the product to its first purchaser or lessee who was not engaged in the business of selling or leasing the product or of using the product as a component in the manufacture of another product." §95.031(2)(b), Fla. Stat. Additionally, under Florida law, there is no cause of action for breach of warranty absent privity between the plaintiff and the defendant. *See Kramer v. Piper Aircraft Corp.*, 520 So. 2d 37, 39 (Fla. 1988).

Here, the record establishes that there is no privity between Plaintiff and Defendant because it is undisputed that Plaintiff did not purchase the F-250 truck directly from Defendant. *See Padilla v. Porsche Cars N. Am., Inc.*, 391 F. Supp. 3d 1108, 1117 (S.D. Fla. 2019) ("[B]ecause Plaintiffs did not purchase their used vehicles directly from Porsche, they lack contractual privity with Porsche and their implied warranty claim necessarily fails as a matter of law."). Additionally, because it is undisputed that the truck was delivered to its first purchaser on March 31, 2001, the statute of repose expired on March 31, 2013, more than seven years before the original complaint was filed. Thus, the breach of warranty claim fails as a matter of law and the other claims are barred by the 12-year statute of repose in §95.031(2)(b).

Accordingly, for the reasons stated above, it is **ORDERED** that:

1. Defendant's motion to dismiss or, in the alterative, motion for summary judgment (Doc. 19) is **GRANTED**.

2. The Clerk shall enter judgment in favor of Defendant and close the case file.

**DONE and ORDERED** this 25th day of April, 2022.

*T. Kent Wetherell, II*

**T. KENT WETHERELL, II
UNITED STATES DISTRICT JUDGE**